ZALLER LAW GROUP, PC
Anthony J. Zaller, State Bar No. 224844
azaller@zallerlaw.com
Anne McWilliams, State Bar No. 129264
amcwilliams@zallerlaw.com
Michael E. Thompson, State Bar No. 266275
mthompson@zallerlaw.com
999 N. Pacific Coast Highway, Suite 525
El Segundo, California 90245
Telephone: (323) 592-3505
Facsimile: (323) 592-3506

Attorneys for Defendants
FERNANDO TAPIA DBA DOMINO'S PIZZA,
SALMEX PIZZA INC., SALMAR PIZZA INC.,
JP PIZZA, INC. AND GAFE PIZZA, INC.

## UNITED STATES DISTICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| RONALD D. TRAER, On Behalf Of Himself And All Similarly Situated Persons, <br><br> Plaintiff, <br><br> vs. <br><br> DOMINO'S PIZZA LLC; DOMINO'S PIZZA, INC., FERNANDO TAPIA DBA DOMINO'S PIZZA, SALMEX PIZZA INC., SALMAR PIZZA INC, JP PIZZA, INC AND GAFE PIZZA INC. AND DOES 1 THROUGH 10 INCLUSIVE, <br><br> Defendants. | Case No. 2:21-cv-06187 MWF-SKx <br> Hon. Michael W. Fitzgerald <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA INC., JP PIZZA, INC. AND GAFE PIZZA, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **DATE:** January 10, 2022 <br> **TIME:** 10:00 a.m. <br> **CTRM:** 5A - First Street Courthouse <br><br> [Filed Concurrently with [Proposed] Order and Notice of Joinder] <br> Action Filed: July 30, 2021 <br> Trial Date:    None Set |

ZALLER LAW
GROUP, PC

-1-

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

**TO PLAINTIFF RONALD D. TRAER AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 10, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the above-referenced court, located at 350 West First Street, Los Angeles, California 90012, Defendants FERNANDO TAPIA DBA DOMINO'S PIZZA, SALMEX PIZZA INC., SALMAR PIZZA INC., JP PIZZA, INC. and GAFE PIZZA, INC. ("Defendants") will and hereby do move this Court to dismiss the claims asserted in the First Amended Complaint ("FAC") filed in this action on August 17, 2021, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6), based on the following:

1.     The first through sixth counts fail to state any facts to support any claim against Defendant Fernando Tapia in his individual capacity;

2.     The first through sixth counts fail to state any facts to support any claim against defendant franchisees who were not involved in the transaction by Plaintiff that is the subject of this action;

3.     The first, second, third, fourth, fifth and sixth counts fail to satisfy the requirements of Federal Rule of Civil Procedure 9(b) as to all moving defendants;

4.     The fourth count for breach of warranty fails to identify a warranty that was breached as to all moving defendants, and fails for lack of privity as to Defendant Tapia and all franchisee defendants who were not involved in the transaction by Plaintiff that is the subject of this action;

5.     The equitable claims in the second, third and fourth counts for unjust enrichment and for alleged violations of California's unfair competition law, Bus. & Prof. Code §§ 17200, *et seq.* and California's false advertising law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, must

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

be dismissed as to all moving defendants because Plaintiff has an adequate remedy at law.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Notice of Joinder to the Motion to Dismiss by Defendants Domino's Pizza LLC and Domino's Pizza, Inc., all of the records and pleadings on file in this case, and on such other oral and documentary evidence as may be presented at the hearing of this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Defendants' concurrently-filed Notice of Joinder, and to avoid burdening the Court with duplicative briefings, these moving Defendants incorporate by reference the legal authority and arguments in the Motion to Dismiss by Defendants Domino's Pizza LLC and Domino's Pizza, Inc. with regard to items numbered 3 - 5, above.

This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on November 5, 2021.

Dated: November 5, 2021           ZALLER LAW GROUP, PC


By: *s/Anne McWilliams*
Anthony J. Zaller
Anne McWilliams
Michael E. Thompson
Attorneys for Defendants
FERNANDO TAPIA DBA DOMINO'S PIZZA, SALMEX PIZZA INC., SALMAR PIZZA INC., JP PIZZA, INC. AND GAFE PIZZA, INC.

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AUTHORITIES ....................................................5

I.    INTRODUCTION ..........................................................................................7

II.   LEGAL ANALYSIS .....................................................................................7

   A.  The FAC Fails to Allege Facts to Support a Claim Against
       Individual-Named Defendant Fernando Tapia ................................................7

   B.  The First Through Sixth Counts Fail To State Facts To Support
       Any Claim Against Franchisees Not Involved In The Transaction
       By Plaintiff. .....................................................................................................8

   C.  The Allegations of the FAC Fail To Satisfy Rule 9(b). ...............................10

   D.  The Equitable Claims In The Second, Third And Fourth Counts
       Must Be Dismissed Because Plaintiff Has An Adequate Remedy
       At Law. ...........................................................................................................12

   E.  The Fourth Count For Breach Of Warranty Fails To Identify A
       Warranty That Was Breached And Fails For Lack Of Privity As
       To Tapia And The Franchisee Defendants Not Involved in Plaintiff's
       Transaction. ....................................................................................................12

   F.  Plaintiff Lacks Standing To Seek Injunctive Relief ...................................13

III.  CONCLUSION ...........................................................................................14

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA
INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

ZALLER LAW
GROUP, PC

## TABLE OF AUTHORITIES

**Cases**

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
   494 U.S. 558, 570 (1990) ...................................................................12

*Clark v. Super. Ct.*,
   50 Cal. 4th 605, 611 (2010)...............................................................12

*Cleveland v. Johnson*,
   209 Cal.App.4th 1315, 1330 (2012)....................................................8

*Cooper v. Pickett*,
   137 F.3d 616, 627 (9th Cir. 1997) .....................................................11

*Corson v. Toyota Motor Sales, U.S.A., Inc.*,
   2013 WL 1802709, at *4 (C.D. Cal. Apr. 24, 2013)............................9

*Elias v. Hewlett-Packard Co.*,
   No. 12-0421, 2012 U.S. Dist. LEXIS 146811
   at *22-23 (N.D. Cal. Oct. 11, 2012) ..................................................11

*Frances T. v. Village Green Owners Assn*,
   42 Cal.3d at pp. 507–508 (2004) .........................................................8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1125 (9th Cir. 2009)..................................................10

*Morris v. Davita Healthcare Partners, Inc.*,
   308 F.R.D. 360, 369 (D. Colo. 2015)..................................................13

*Peñalbert-Rosa v. Fortuño-Burset*,
   631 F.3d 592, 594 (1st Cir. 2011) ........................................................9

*Rossdale Group, LLC v. Walton*.
   12 Cal.App.5th 936, 940 (2017)...........................................................8

*Schroeder v. United States*,
   569 F.3d 956, 963 (9th Cir. 2009)......................................................12

*Semegen v. Weidner*,
   780 F.2d 727, 731 (9th Cir. 1985)......................................................11

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA
INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

*Summers v. Earth Island Inst.*,

    555 U.S. 488, 493 (2009) ................................................................13

*Swartz v. KPMG LLP*,

    476 F.3d 756, 764–65 (9th Cir. 2007)........................................9, 10

*Torralbo v. Davol, Inc.*,

    2017 WL 5664993, at *6 (C.D. Cal. Oct. 19, 2017) ............................9

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097, 1102 (9th Cir. 2003) .......................................... 10, 11

*Weinstat v. Dentsply Int'l, Inc.*,

    180 Cal. App. 4th 1213, 1227 (2010) ................................................12

*Williams v. Beechnut Nutrition Corp.*,

    185 Cal. App. 3d 135, 142 (1986)......................................................12

**Statutes**

Fed. R. Civ. P. 9(b) ....................................................... 2, 10, 11

Fed. R. Civ. P. 12(b) ..................................................................2

Fed. R. Civ. P. 12(b)(6)..........................................................2, 7

Fed. R. Civ. P. 12(F)(6) ........................................................7, 14

Cal. Civ. Code §§ 1761(e) ........................................................10

California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750...................7

ZALLER LAW
GROUP, PC

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

## MEMORANDUM OF POINTS AUTHORITIES

## I.    INTRODUCTION

Plaintiff Donald D. Traer's ("Plaintiff") First Amended Complaint ("FAC") purports to bring a national class action for alleged consumer advertising fraud that arises out of a single transaction by Plaintiff at a single Domino's pizza store located in Whittier, California. The FAC purports to allege six counts for (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); (2) violation of California's Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("FAL"); (4) breach of express warranty; (5) unjust enrichment; and (6) fraud. *See* FAC ¶¶ 58–102.  The FAC names seven defendants as follows: Domino's Pizza LLC and Domino's Pizza, Inc., the franchisor defendants (collectively "Domino's); four Domino's franchisee's, Salmex Pizza Inc., Salmar Pizza Inc., JP Pizza, Inc. and Gafe Pizza, Inc. ("the franchisee Defendants"); and the owner of the corporate franchisees, Fernando Tapia ("Defendant Tapia").

By this Motion, Defendant Tapia and the franchisee Defendants respectfully request that the Court dismiss the FAC under Rule 9(b), strike Plaintiff's request for injunctive relief for lack of standing pursuant to Rule 12(f), and dismiss Plaintiff's equitable claims, under Rule 12(b)(6).  To avoid burdening the Court with duplicative briefs, the moving defendants incorporate by reference the legal arguments and authorities in Domino's concurrently-filed Motion to Dismiss.

## II.    LEGAL ANALYSIS

### A. The FAC Fails to Allege Facts to Support a Claim Against Individual-Named Defendant Fernando Tapia.

The FAC fails to allege any facts that Defendant Tapia is liable in an individual capacity.  Alleging that Tapia was "doing business as Domino's" is insufficient. This is so because doing business under a fictitious business name does

-7-

ZALLER LAW
GROUP, PC

not create a separate legal entity. *See Rossdale Group, LLC v. Walton*. 12 Cal.App.5th 936, 940 (2017); *Cleveland v. Johnson*, 209 Cal.App.4th 1315, 1330 (2012).

Nor is the mere status as owner, operator, director or officer of a corporate entity sufficient to state a claim against an individual. As explained by the California Supreme Court, "[i]t is well-established that corporate directors cannot be held vicariously liable for the corporation's torts in which they do not participate. Their liability, if any, stems from their own tortious conduct, not from their status as directors or officers of the enterprise. [Citation.] '[A]n officer or director will not be liable for torts in which he does not personally participate, of which he has no knowledge, or to which he has not consented..." *Frances T. v. Village Green Owners Assn*, 42 Cal.3d at 507–508 (2004).

The FAC fails to state a claim against Tapia in his individual capacity because there are no allegations of ultimate (or any) fact about his purported direct participation in the allegations of wrongful conduct of which Plaintiff claims to be the victim. While Plaintiff blandly alleges at paragraph 3 of the FAC that Tapia entered into a Franchise Agreement, that is insufficient. "The legal fiction of the corporation as an independent entity—and the special benefit of limited liability permitted thereby—is intended to insulate . . . officers from liability for corporate contracts[.] *Frances T., supra*, 42 Cal.3d at 507–508.

Accordingly, Defendant Tapia should be dismissed.

**B.  The First Through Sixth Counts Fail To State Facts To Support Any Claim Against Franchisees Not Involved In The Transaction By Plaintiff.**

The FAC inappropriately lumps all seven defendants together without alleging a single specific fact of alleged wrongful conduct as to each defendant. The first sentence in the FAC states:

ZALLER LAW
GROUP, PC

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

Plaintiff brings this action on behalf of himself and all others similarly situated against DOMINO'S PIZZA LLC, DOMINO'S PIZZA INC. (hereinafter "DOMINO'S*"*) and FERNANDO TAPIA doing business as Domino's Pizza, Salmex Pizza, Inc., Salmar Pizza, Inc., JP Pizza, Inc., and Gafe Pizza Inc. (hereinafter "TAPIA*"*). DOMINO'S and TAPIA are herein collectively referred to as 'Defendants." FAC at 1:1-6 (emphasis added).

Thereafter, the FAC fails to allege each defendant's role with respect to those actions, instead attributing *all* of the alleged conduct to *all* "Defendants" without differentiation. *See* FAC ¶¶ 64 (CLRA), 74 (UCL), 82 (FAL), 89–90 (Express Warranty), 96 (Unjust Enrichment), 100 (Fraud).

Rule 9(b) requires Plaintiff to "specify[] 'who' is responsible for 'what' conduct." *Torralbo v. Davol, Inc.*, 2017 WL 5664993, at *6 (C.D. Cal. Oct. 19, 2017); *see also Corson v. Toyota Motor Sales, U.S.A., Inc.*, 2013 WL 1802709, at *4 (C.D. Cal. Apr. 24, 2013) ("[E]ven if both [defendants] are liable for the actions alleged, Plaintiffs are required to specify the actions alleged against each Defendant."). Further, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together[,] but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). *Twombly/Iqbal,* applies to both claims and defendants, and "save under special conditions, an adequate complaint must include not only a plausible claim but also a plausible defendant." *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 594 (1st Cir. 2011).

There are no allegations in the FAC that plausibly connect any of the franchisee Defendants other than the franchisee that actually owned and operated the Whittier store where Plaintiff allegedly made a purchase and paid more than the advertised price. There is no specific facts of a wrong by a franchisee Defendant who operates stores other than the one in Whittier store. Instead, the FAC simply

ZALLER LAW
GROUP, PC

-9-

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA
INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

lumps all franchisee Defendants together in a manner that fails "to inform each defendant separately of the allegations surrounding [their] alleged participation in the fraud." *Swartz*, 476 F.3d at 764–65. The FAC fails to allege each defendant's role with respect to those actions, instead attributing *all* of the alleged conduct to *all* "Defendants" without differentiation.

Lastly, leave to amend is futile as to any franchisee Defendant other than the operator of the Whittier store, for the simple and compelling reason that there was only a single transaction by Plaintiff at the Whittier store. *See* FAC ¶ 27.  As such, Plaintiff lacks standing and privity and could not have sustained any alleged injury by separate legal entities that he did not transact with and/or separate legal entities that have no connection whatsoever to the Whittier store.  To state a claim under the CLRA, Plaintiff must allege a "transaction . . . that result[ed] in the sale . . . of goods" to Plaintiff, where "transaction" means "an agreement between a consumer and another person." Cal. Civ. Code §§ 1761(e).  The FAC fails to allege how the franchisee Defendants who did not own or operate the Whittier store engaged in this "transaction."  Nor does the FAC allege scienter or any economic injury or damage that caused by allegedly unfair or fraudulent conduct of the franchisee Defendant that did not own or operate the Whittier store.

For these reasons, all the claims against all franchise Defendants, except the operator of the Whittier store, fail and should be dismissed without leave to amend.

### C. The Allegations of the FAC Fail To Satisfy Rule 9(b).

All six counts in the FAC are based on alleged fraudulent or deceptive conduct (FAC ¶¶ 64 (CLRA), 74 (UCL), 82 (FAL), 89–90 (Express Warranty), 96 (Unjust Enrichment), 100 (Fraud), yet they are not pled with the heightened particularity required under Rule 9(b). Consumer-protection claims that sound in fraud, as Plaintiff Traer's do, are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *see also Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009)

ZALLER LAW
GROUP, PC

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA
INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

(applying Rule (9) to false advertising claims brought under the UCL and CLRA); *Elias v. Hewlett-Packard Co*., No. 12-0421, 2012 U.S. Dist. LEXIS 146811, at *22-23 (N.D. Cal. Oct. 11, 2012) (applying Rule 9(b) to false advertising claims brought under UCL, FAL, and CLRA).

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).   The circumstances constituting the fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Therefore, a party alleging fraud must set forth "the who, what, when, where, and how" of the misconduct.  *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In addition, a plaintiff must allege why she believes the fraudulent statements to be false. *Id*.

Here, the FAC fails to allege the who, what, when, where, and how of the misconduct charged as to *each named defendant*. Plaintiff's vague allegations fail to state: when he read or heard the subject advertisement(s); the full contents of the advertisement(s), including disclaimers; the source of three screenshots in the FAC, when those screenshots were taken; the specifics of his single transaction at the Whittier store, including the purchase price of each item; and why the alleged representations are false.

Based on the above, and the detailed legal arguments and authorities in Domino's concurrently-filed Motion to Dismiss, which is incorporated here by reference, the FAC fails to plead the fraud-based claims with sufficient particularity to withstand a motion to dismiss.

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA
INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

**D.** **The Equitable Claims In The Second, Third And Fourth Counts Must Be Dismissed Because Plaintiff Has An Adequate Remedy At Law.**

"[E]quitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). Under both UCL and FAL statutes, the only authorized monetary relief is restitution. *See Clark v. Super. Ct.*, 50 Cal. 4th 605, 611 (2010). Unjust enrichment is also an equitable claim. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990).

Here, the FAC alleges claims for fraud, breach of express warranty and a claim under the CLRA all seeking monetary damages. *See* FAC ¶¶ 66–68, 86–92, 98–102. Based on the above, and the detailed legal arguments and authorities in Domino's concurrently-filed Motion to Dismiss, Plaintiff has an adequate remedy at law, and his equitable claims under the UCL and FAL and for unjust enrichment should be dismissed without leave to amend.

**E.** **The Fourth Count For Breach Of Warranty Fails To Identify A Warranty That Was Breached And Fails For Lack Of Privity As To Tapia And The Franchisee Defendants Not Involved in Plaintiff's Transaction.**

To prevail on a breach of express warranty claim, Plaintiff must establish the following elements: (1) an affirmation of fact or promise or a description of the goods; (2) that were part of the basis of the bargain; and (3) breach of the warranty. *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (internal quotations and citations omitted). An express warranty can exist even if the seller does not "use formal words such as 'warrant' or 'guarantee' or . . . have a specific intention to make a warranty." Cal. Comm. Code § 2313(2). However, a plaintiff must allege the exact terms of the warranty. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986).

-12-

ZALLER LAW
GROUP, PC

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

Here, the face of the FAC discloses that Plaintiff has failed to allege the exact terms of the warranty that Defendants breached. Instead, the FAC simply alleges that the warranty was "that the advertised price of the Products was accurate[.]" FAC ¶ 88.  This is not a warranty; rather it is a pre-sale promise regarding price, which does not form "the basis of the bargain." *See* Cal. Com. Code § 2313(1)(a)–(c).

For all the reasons set forth in Domino's concurrently-filed Motion to Dismiss, which is incorporated here by reference, the claim for breach of warranty fails. In addition, the breach of warranty claim fails as to Defendant Tapia and all franchisee Defendants, except the operator of the Whittier store, on the additional grounds that there is lack of privity because the FAC fails to allege any facts establishing a transaction between Plaintiff and any of these defendants.

### F.  Plaintiff Lacks Standing To Seek Injunctive Relief.

To establish standing under Article III of the U.S. Constitution, Plaintiff has the "burden of showing that he has standing for each type of relief sought" -- including injunctive relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Because injunctive relief is a prospective remedy, a plaintiff seeking such relief must plead and prove facts showing a threat of injury that is "actual and imminent, not conjectural or hypothetical." *Id*.

Here, Plaintiff has pleaded no facts showing any threat of "actual and imminent" injury. To the contrary, the entire FAC is retrospective in nature, and does not even hint at any potential future injury. Plaintiff accordingly lacks standing to seek injunctive relief. Moreover, plaintiff cannot amend to fix this defect. Plaintiff is well aware of what he considers to be deceptive advertising, as evidenced by his of this lawsuit. He is accordingly unlikely to be deceived--and thereby injured -- by any alleged deceptive advertising in the future. *See Morris v. Davita Healthcare Partners, Inc.*, 308 F.R.D. 360, 369 (D. Colo. 2015) ("plaintiffs

ZALLER LAW GROUP, PC

NOTICE OF MOTION AND 12(b)(6) MOTION BY FERNANDO TAPIA, SALMEX PIZZA INC., SALMAR PIZZA, INC. JP PIZZA, INC. AND GAFE PIZZA, INC.

cannot seek injunctive relief where the alleged injury is the concealment of information that they now possess).

For all these reasons, as well as the reasons set forth in Domino's concurrently-filed Motion to Dismiss, which is incorporated here by reference, the request for injunctive relief should be stricken.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss the FAC under Rule 9(b). In the alternative, Defendants request that the Court dismiss Plaintiff's request for injunctive relief for lack of standing under Rule 12(f), and dismiss Plaintiff's UCL, FAL, unjust enrichment, and breach of warranty claims under Rule 12(b)(6).


Dated: November 5, 2021                 ZALLER LAW GROUP, PC


                                        By:   *s/Anne McWilliams*
                                             Anthony J. Zaller
                                             Anne McWilliams
                                             Michael E. Thompson
                                             Attorneys for Defendants
                                             FERNANDO TAPIA DBA
                                             DOMINO'S PIZZA, SALMEX PIZZA
                                             INC., SALMAR PIZZA INC., JP
                                             PIZZA, INC. AND GAFE PIZZA INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZALLER LAW
GROUP, PC