John Glugoski, Esq. (SBN: 191551)
**RIGHETTI GLUGOSKI, P.C.**
220 Halleck Street, Suite 220
San Francisco, CA 94129
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
E-Mail: jglugoski@righettilaw.com


Reuben D. Nathan (SBN: 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
Telephone; (949)270-2798
Facsimile:  (949)209-0303
E-Mail: rnathan@nathanlawpractice.com

Attorneys for Plaintiff, RONALD TRAER and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD D. TRAER, on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>JP PIZZA, INC.; DOMINO'S PIZZA FRANCHISING LLC; DOMINO'S NATIONAL ADVERTISING FUND, INC.<br><br><br><br>Defendants. | Case No. 2:21-cv-06187-MWF-SK<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RONALD D. TRAER ("Traer") brings this action against JP Pizza, Inc. on behalf of himself and all others similarly situated persons that engaged in transactions under $5.99 Mix & Match Deal advertisements.

Further, Plaintiff RONALD D. TRAER ("Traer") also brings this action against Domino's Pizza Franchising LLC ("DPF") and Domino's National Advertising Fund, Inc. ("DNAF") on behalf of himself and all others similarly situated persons, who purchased products from any Domino's Pizza California franchisees located within the State of California as a result of the $5.99 Mix & Match Deal advertisements run by Domino's National Advertising Fund, Inc. ("DNAF"), which royalties from sales are paid to Domino's Pizza Franchising LLC ("DPF").

Plaintiff makes the following allegations based upon information and belief, except as to the allegations specifically pertaining to himself that is based on his own personal knowledge.

## JP PIZZA, INC.

1.      JP Pizza, Inc. is a Domino's franchisee, which operates a store located at (Store #7845) 14712 Whittier Blvd Whittier, CA 90605. DPI and/or DPL does not own any California corporate stores within the State of California[1]. As a Domino's California franchisee of Domino's Pizza Franchising LLC ("DPF"), JP Pizza, Inc.'s relationship with DPF and Domino's National Advertising Fund, Inc. ("DNAF") is governed by the Franchise Disclosure, DPF and Store Franchise Agreement (herein defined below).

2.      As a California franchisor, DPF requires all California franchisees including JP Pizza, Inc. to participate in the Adverting Fund i.e., DNAF. DNAF controls and manages all advertising on behalf of the California franchisees in

---

[1] Domino's Pizza, Inc ("DPI") and Domino's Pizza LLC ("DPL"), Motion to Dismiss (Dkt. 49, page ID #950 line 21-25).

exchange for a 4% weekly Sales Royalty based on sales of all products and beverages, which terms are set forth below:

**13.** **ADVERTISING AND PROMOTION.**

    **13.1** **By DPF.**

        We or our designee will from time to time formulate, develop, produce and conduct advertising and promotional programs in the form and media as we or our designee determines to be most effective. You agree to participate in all national and local and regional advertising and promotions as we determine to be appropriate for the benefit of the Domino's System. We reserve the right, in our sole discretion, to determine the composition of all geographic territories and market areas for the development and implementation of advertising and promotion programs. All costs of the formulation, development and production of any such advertising and promotion (including without limitation the proportionate compensation of our employees who devote time and render services in the formulation, development and production of such advertising and promotion programs or the administration of the funds), will be paid from a separate fund administered by a separate not for profit entity (the "Advertising Fund"). You will be obligated to pay four percent (4%) of the weekly royalty sales of the Store to the Advertising Fund. Your contribution to the Advertising Fund must be paid by Thursday of each week on royalty sales for the week ending on the preceding Sunday. Payment must be made by electronic funds transfer as provided in Section 6.4 of this Agreement or as we may otherwise designate from time to time. All Domino's Pizza Stores owned by us or our affiliates will contribute to the cost of such advertising and promotion programs on at least the same basis as the majority of domestic franchisees in the Domino's System. We will submit to you upon request an annual statement of monies collected and costs incurred by the Advertising Fund. We reserve the right to engage the services of an advertising source or sources to formulate, develop, produce and conduct the advertising and promotion programs, the cost of such services to be payable from the Advertising Fund.

        You acknowledge and understand that the Advertising Fund is intended to maximize general public recognition and patronage of the Marks in the manner determined to be most effective by us and our affiliates and that neither we nor our affiliates undertake any obligation in developing, implementing or administering these programs to ensure that expenditures which are

proportionate or equivalent to your contributions are made for the market area of the Store or that any Domino's Pizza Store will benefit directly or pro rata from the placement of advertising or from other promotional programs.

Please find attached to this FOURTH AMENDED COMPLAINT, Exhibit A Part 2 page 163-164, and Exhibit A Part 3 page 30-31 Section 13 Advertising and Promotion, By DPF, a true and correct copy of Store Franchise Agreement.

    3.    As a California franchisee, JP Pizza, Inc. – along with all other California franchisees – is required to pay DPF a 5.5% weekly Sales Royalty based on the sale of all products and beverages, which is set forth below:

//

//

**Franchise Agreement**

ITEM 6 TABLE

**OTHER FEES**

| (1)<br>**Type of Fee**[1] | (2)<br>**Amount** | (3)<br>**Due Date** | (4)<br>**Remarks** |
|---|---|---|---|
| Royalty Fee | 5.5% of Store's weekly Royalty Sales[2] | Paid via electronic funds transfer by Thursday of each week on royalty sales for the week ending on the preceding Sunday. | Royalty Sales are the total receipts from all sales of pizza, beverages and other products or services authorized for sale at the Store or at any approved off-site location.[3] |
| Advertising Fund | 4% of Store's weekly Royalty Sales [2, 4] under the Franchise Agreement. Non-Traditional Stores may receive a partial credit or make a reduced contribution.[5] | Same as Royalty Fee | See Item 11 for information concerning advertising and promotion. |

Please find attached to this FOURTH AMENDED COMPLAINT, Exhibit A part 1, page 25 Item 6: Other Fees (Item 6 Table) By DPF, a true and correct copy of Store Franchise Agreement.

## DOMINO'S PIZZA FRANCHISING, LLC AND DOMINO'S NATIONAL ADVERTISING FUND, INC.

4.      Domino's Pizza, Inc. ("DPI") is the parent to all Domino's entities and is a national pizza restaurant chain that regards itself as a pioneer and leader of delivering quality pizza to its consumers. DPI has both corporate stores ("Corporate Stores") and franchises ("Franchises") that offer their customers a host of discounted products that are at the direction of the Franchisor and executed by franchisees in the state of California.

//

5.     All Domino's franchises must execute a Franchise Disclosure Document Domino's ("Franchise Disclosure"), which is issued and overseen by Defendant DPF, which is the franchising entity for DPI. The Franchise Disclosure states, California franchisees are bound by a Traditional Store Standard Franchise Agreement (Exhibit A Part 2 page 146 or Non-Traditional Store Franchise Agreement (Exhibit A Part 3 page 14 to the Franchise Disclosure") (collectively referred to as "Store Franchise Agreement") with DPF.   Please find attached to this FOURTH AMENDED COMPLAINT, Exhibit A Parts 2 and 3, true and correct copies of Store Franchise Agreements.

6.     DPF enters into a Franchise Disclosure and Store Franchise Agreement with all Domino's California franchisees ("California Franchisees") who sell pizzas and other authorized products through delivery and carryout services under the trade name Domino's Pizza. California Franchises, which includes JP Pizza, Inc., throughout the State of California are controlled by DPF with respect to the products they offer, prices represented, and promotions offered through the DPF and DNAF's advertising.

7.     DPF collects Weekly Royalties through the terms of the Store Franchising Agreement, which provides DPF with a certain percentage from the sale of all products including all sales under the $5.99 MIX & MATCH DEAL. There is a reporting mechanism built within the Franchise Disclosure and Store Franchise Agreement, which requires California Franchisees to pay 5.5% of Royalty Sales for the week ending the preceding Sunday to DPF via electronic funds transfers by Thursday of each week. Exhibits A Part 1, pages 24-29, referenced herein above.  The Royalty Sales are receipts from the sales of pizza, beverages, and other products services authorized for sale at each Franchisee or at any approved off-site location.

8.     All advertising for DPF is solely controlled by and paid for by Domino's National Advertising Fund, Inc. ("DNAF") at the direction of DPF.  The format and

content and geographic location for all advertising and promotions including the $5.99 MIX & MATCH DEAL in California is determined by DNAF:

**Advertising and Promotion**

We have the authority to determine the composition of all geographic territories and market areas for the advertising and promotion programs. All formulation, development and production costs of advertising and promotion (including the proportionate compensation of our employees for advertising functions) are paid from a separate fund administered by the DNAF.

Item 6 describes your Advertising Fund contribution. Your contribution will depend on the Standard Franchise Agreement or Non-Traditional Store Franchise Agreement. The advertising fee for a Domino's Pizza Traditional Store is currently 4% of Royalty Sales of the Store. You must pay up to 4% of the weekly Royalty Sales as an advertising contribution if you operate a Domino's Pizza Non-Traditional Store to an advertising fund. A Domino's Non-Traditional Store does not contribute to regional or local cooperatives. It is therefore not affected by any advertising fund roll-up. All Stores owned by DPL contribute to the advertising and promotions programs on at least the same basis as the majority of domestic franchisees in the

Please find attached to this FOURTH AMENDED COMPLAINT, Exhibit A part 1 page 46-47, a true and correct copy of a Franchise Disclosure Document, DPF.

9.      California Franchisees are required to contribute to the DNAF's advertising fund a set amount (i.e. 4% of the weekly Royalty Sales) in accordance with the Store Franchising Agreement. The advertisements and promotions at issue are applicable to all California Franchisees. DPF mandates that all California Franchisees contribute to  DNAF for advertising, which is set forth in the Store Franchise Agreement with DPF.

10.      DPF runs and controls Domino's advertising through DNAF, which is uniform for all California Franchisees. On information and belief, the $5.99  Mix & Match Deal is a part of DPF's advertising campaign funded by DNAF. California Franchisees are not allowed to change the $5.99  Mix & Match Deal set forth in the advertising campaign. Please find attached to this FOURTH AMENDED COMPLAINT, Exhibit A Part 2 page 163-164, and Exhibit A Part3, a true and correct copy of pages 30-31 of a Franchise Disclosure Document, DPF.

11.      DNAF administers the collection and expenditures of the Advertising Fund paid into by all California Franchisees including JP Pizza, Inc. These

contributions are mandatory and for the purpose of engaging in uniform advertising campaigns for all Domino's stores, including California Franchisees. DNAF, controls and manages all aspects of the advertising for all California Franchisees, including JP Pizza, Inc. With pre-approved authorization from California Franchisees including JP Pizza Inc., DPF through DNAF controls the placement of all advertising.

12.    DPF and DNAF engage in a common scheme to advertise to Californians under the $5.99 Mix & Match Deal.  DPF through DNAF advertises the $5.99 Mix & Match Deal through California television ads, campaigns, public announcements, newspapers and other means of advertising to the general public on behalf of all California Franchisees.

13.    DPF and DNAF's goal under the $5.99 Mix & Match Deal is to illegally enrich DPF and DNAF, as well as its agents and/or partners i.e. the California Franchisees such as JP Pizza, Inc. who enter into Store Franchise Agreements with DPF. DPF collects through their California Franchisees the amounts that are in excess of the advertised price under the $5.99 Mix & Match Deal.

14.    DPF requires the California Franchisees give up their advertising rights and agree to allow DNAF to run exclusively promotional ads such as $5.99 Mix & Match Deal in exchange for an agreement to pay DPF a percentage of the profits from the Mix & Match Deal and all other sales.

15.    As a result of this structured relationship created through the Franchise Disclosure and Store Franchise Agreements with California Franchisees such as JP Pizza, Inc., DPF and DNAF received monetary related benefits beyond what they represent to be the price of the products from Ronald Traer and other similarly situated California consumers.

16.    California Franchisees, including JP Pizza, Inc., meet their monetary obligations to contribute to the DNAF, authorize and accept national and local

advertising on their behalf, and share profits from the stores sales with DPF pursuant to the terms of the Franchise Disclosure and Store Franchise Agreement from all sales.

17. As principals, California Franchisees such as JP Pizza deliver complete control of the advertising to its agents DPF and DNAF, who serve as each other's co-conspirators, to formulate and place the advertisements for California Franchisees to overcharge California customers.

18. As part of receipt of weekly Royalties Sales and corresponding reports, DPF had knowledge and/or were made aware of the overcharging by all California Franchisees including by JP Pizza, Inc. DPF accepted the weekly 5.5% Royalty Sales owed to them by the California Franchisees from the overcharging under the $5.99 Mix & Match Deal.

19. California Franchisees including JP Pizza, Inc. with the knowledge of DPF do not conform with their agent DNAF's advertising terms under $5.99 Mix & Match Deal. JP Pizza, Inc. and California Franchisees knowingly and intentionally overcharged Mr. Traer and similarly situated persons who made in-store purchases under the Mix & Match Deal and paid DPF a portion of illegal profits collected from the overcharges in the form of royalties. DPF retains these illegal payments from California Franchisees, who overcharge under the Mix & Match Deal.

20. Customers in California have complained about California Franchisees including JP Pizza, Inc. regarding the same illegal practices of overcharging customers under the terms of the $5.99 Mix & Match Deal in a recent article published in July 2021[2].

21. California Franchisees including JP Pizza, Inc. have kept detailed records of all purchases made by all consumers such as Ronald Traer and similarly situated persons. Because Domino's DPF, has a monetary stake in every single transaction that occurs under the $5.99 Mix & Match Deal, there is a proper accounting of all products

---

[2] https://www.classaction.org/news/class-action-claims-dominos-charges-more-than-advertised-for-mix-and-match-deal

sold, including but not limited to customer orders and receipts detailing: (a) the amounts charged, (b) the amounts paid by the customers, (c) the actual items sold, (d) whether or not the products were sold under the terms of the $5.99 Mix & Match Deal.

<b><u>THE ADVERTISEMENT</u></b>

22.     Domino's $5.99 Mix & Match Deal been in existence since (at least) 2009. DPF and DNAF advertised the $5.99 Mix & Match Deal through televisions, billboards, posters, and pictures within the statutory period. The list of products available through Domino's $5.99 Mix & Match Deal are Pizza (Medium) 2 Topping Pizza, Breads, Salads, Pastas, Chicken, including, but not limited to hand tossed pizza and premium chicken (collectively referred to as "Products").  Below is an example of the advertisement under the $5.99 Mix & Match Deal:



23.     The advertisements being promoted by DPF and DNAF to California consumers to promote the $5.99 Mix & Match Deal are split disclaimer advertisements, as set forth below:

//

//



24. The advertisement for the $5.99 Mix & Match Deal also contains words: "Mix & Match Deal," and "CHOOSE ANY 2 OR MORE." DPF and DNAF's use of a larger front size for "$5.99" with white lettering with a red bold enunciated border is the most prominent wording on the advertisement, which is intended and does attract consumers.

25. DNAF's $5.99 Mix & Match Deal advertisement provides a conspicuous disclaimer next to the **CHOOSE ANY TWO $5.99** offer in a smaller but readable font size that reads "**2-item minimum. Handmade Pan Pizza, Bread Bowls, Pasta and Bone-in Wings will be extra.**" This first disclaimer is visible to the consumer.

26. DNAF's $5.99 Mix & Match Deal advertisements also contain a potential second disclaimer split from the first disclaimer and placed in a different location in a front that is significantly smaller than the first disclaimer. The potential second split disclaimer flashes quickly across the screen and would require the use of a magnifying glass to find as it is in fine print that is significantly smaller than the first disclaimer making it virtually impossible to see. Further, the wording does not suggest any of the items purchased by Plaintiff would cost more than $5.99. A reasonable consumer would not be expected to look beyond the misleading misrepresentations displayed prominently on the screen next to the **CHOOSE ANY TWO $5.99** price tag (first disclaimer) which already contains a disclaimer in smaller font that the **CHOOSE ANY**

**TWO $5.99** for a second product price disclaimer that cannot be read due to its minute sized font, especially since it appears for a only a brief moment.

27.     DPF and DNAF represents, warrants, and promises its consumers that any two (2) of the Products applying the promotion under the $5.99 Mix & Match Deal will cost the prospective customer $5.99 per Product (or $11.98), excluding sales taxes.

28.     Consumers have the expectation that reputable businesses such as California Franchisees branded with the Domino's insignia will conform to any representations, warranties, or statements made in connection with the $5.99 Mix & Match Deal.

29.     On information and belief, California Franchisees including JP Pizza, Inc. have a pattern and practice of charging its consumers an amount exceeding $5.99 per product from the list of categories. DPF and DNAF's representations, warranties, and/or statements relating to the $5.99 price per product pursuant to the $5.99 Mix & Match Deal is false and/or misleading.  DPF and DNAF made misrepresentations to Plaintiff and the California Class knowing the representations were false at the time they were made or recklessly made the representation without regard for its truth.

## VICARIOUS LIABILITY

### A)     A Principal-Agent Relationship Between DPF and DNAF Exists

30.     Ronald Traer alleges that DNAF was DPF's agent and that DPF is responsible for DNAF's conduct. DPF gave DNAF authority to act on DPF's behalf and serve as DPF's agent in conducting advertising on behalf of DPF and the California Franchisees including JP Pizza, Inc. DNAF's authority to act on behalf of DPF is made through a written instrument set forth in the Store Franchise Agreement (Non-Traditional and Traditional Standard Franchise Agreement) and in other agreements, which are implied by DPF and DNAF's conduct. DNAF advertised the $5.99 Mix & Match Deal in California within the relevant statute of limitation through

various media platforms.  At all times, DNAF acted within the course and scope of the agency with DPF.

**B)** **A Principal-Agent Relationship Between JP Pizza, Inc. and DPF/DNAF Exists**

31.     Ronald Traer alleges that DPF and DNAF are California Franchisees including JP Pizza, Inc.'s agents and that California Franchisees including JP Pizza, Inc. are responsible for DPF and DNAF's conduct in advertising the $5.99 Mix & Match Deal to California consumers such as Ronald Traer located within the State of California. California Franchisees including JP Pizza, Inc. provided DPF and DNAF with authority to act on behalf of JP Pizza, Inc.'s in advertising the $5.99 Mix & Match Deal to California consumers. DPF and DNAF are serving as agents for California Franchisees including JP Pizza, Inc. DPF and DNAF's authority to act on behalf of California Franchisees including JP Pizza, Inc. is made through a written instrument as set forth in the Disclosure and Store Franchise Agreement (Non-Traditional and Traditional Standard Franchise Agreement) and in other agreements, as well as implied by California Franchisees including JP Pizza, Inc. and DPF/DNAF's conduct. In accordance with the Store Franchise Agreement, California Franchisees including JP Pizza, Inc. agreed for DPF and DNAF to advertise the $5.99 Mix & Match Deal in California within the relevant statute of limitation through various media (television, radio, print) platforms on JP Pizza, Inc.'s behalf.  At all times, DPF and DNAF acted within the course and scope of the agency with California Franchisees including JP Pizza, Inc.

**C)** **A Conspiracy Between DPF and DNAF**

32.     Ronald Traer alleges that DPF and DNAF are co-conspirators and each are member of the conspiracy who acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further the plan which harmed him and other similarly

situated persons in California that were subjected to DPF and DNAF's $5.99 Mix & Match Deal advertising platform. DPF and DNAF are a part of a conspiracy to engage in false and misleading advertising campaigns. DPF and DNAF are two separate legal entities, which reached an agreement, in writing or verbally, to engage in false and misleading advertising to reap illegal profits from California consumers such as Ronald Traer through DPF's California Franchisees. DPF constructed the relationships and was aware that DNAF planned to engage in false and misleading advertising while California Franchisees would overcharge consumers thereby reaping illegal profits to California Franchisees, which would be distributed to DPF through the 5.5% weekly Royalty Sales established by the Store Franchise Agreement. DPF agreed with DNAF that the false and misleading advertising under $5.99 Mix & Match Deal be committed against California consumers.

**D)** **A Conspiracy Between DPF, DNAF and All California Franchisees, Including JP PIZZA**

33.     Ronald Traer alleges that DPF, DNAF, and All California Franchisees, including JP PIZZA, Inc. are co-conspirators and each are member of the conspiracy who acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. Ronald Traer alleges that DPF, DNAF, and All California Franchisees, including JP PIZZA, Inc. are co-conspirators harming him and other similarly situated persons in California that were subjected to the $5.99 Mix & Match Deal advertising platform. DPF, DNAF and All California Franchisees, including JP PIZZA are a part of a conspiracy to engage in false and misleading advertising campaigns and sale of products at the store level at a price in excess of the $5.99 Mix & Match Deal advertising with the intent to reap illegal profits from California consumers such as Ronald Traer through the sales of products advertised under $5.99 Mix & Match Deal at the California Franchisees. DPF, DNAF, and All California Franchisees, including

JP PIZZA, Inc. constructed the relationships such that DPF and DNAF would be responsible for carrying out the advertising with the California Franchisees, including JP PIZZA collecting the overcharges with the intent to split illegal profits between the California Franchisees with DPF at the rate established by the Store Franchise Agreement.

## JURISDICTION AND VENUE

34.     This Court has personal jurisdiction over JP Pizza, Inc., DPF, and DNAF because they purposefully avail themselves of the California consumer market and distributes the Products to hundreds of locations within this County and thousands of retail locations throughout California and the United States, wherein the Products are purchased by thousands of consumers every day.

35.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d).

36.     Venue is proper in this District under 28 U.S.C. § 1391(a).

## PARTIES

37.     Plaintiff Ronald D. Traer ("Mr. Traer" or "Plaintiff")) is a citizen of California, residing in Los Angeles County.

38.     Defendant DPF is a Delaware limited liability company that has its principal place of business at 24 Frank Lloyd Wright Dr., Ann Arbor, Michigan.

39.     Defendant DNAF is a Delaware Corporation that has its principal place of business at 30 Frank Lloyd Wright Dr., Ann Arbor, Michigan.

40.     During the week of March 14, 2021, Mr. Traer saw, heard and read the terms of the DNAF $5.99 Mix & Match Deal on a television advertisement created and run by DNAF for Domino's Pizza with the following details:

- On information and belief, the ad was a gentleman's voice who identified the ad as an ad for Domino's Pizza but the ad was not store specific;
- The ad showed a bunch of products;
- The writing on the screen said "Choose any two items for $5.99 each";
- The ad had in writing "2 minimum requirement";

- "Handmade Pan Pizza, Bread Bowls, Pasta and Bone-in Wings had extra cost".

There were no other exclusions and no mention in the ad of any other charges.

41.     Defendant JP Pizza, Inc. is the owner of the business is located at 14712 Whittier BLVD Whittier, CA 90605. JP Pizza, Inc.

42.     Defendant JP Pizza, Inc. owns and operates a Domino's Pizza branded location, which was patronized by Plaintiff Mr. Traer.

43.     Along with all other California Franchisees, JP Pizza, Inc. agreed, accepted and authorized DNAF through DPF's Franchise Disclosure and Store Franchise Agreement to advertise the $5.99 Mix & Match Deal to all California residents including Ronald Traer.

44.     On March 20, 2021, Mr. Traer purchased Products under Domino's $5.99 MIX & MATCH DEAL .

45.     On March 20, 2021, Traer made an in-store non-website purchase of two (2) two medium HandTossed (not Handmade) pizzas (one with mushroom and black olives, and the other with chicken and bacon) and an order of Sweet BBQ Bacon Chicken from JP Pizza, Inc. operated store located at Store #7845 located at 14712 Whittier Blvd Whittier, CA 90605 by JP Pizza, Inc. under Domino's MIX & MATCH DEAL. Mr. Traer was charged more than $5.99 for one or more of the items that should have cost him $5.99 each under the terms of the $5.99 MIX & MATCH DEAL.

46.     For the three items, Mr. Traer was charged $21.97 ($7.32 per item) before tax) but should have been charged $17.97 before tax ($5.99 per item x 3) by JP Pizza, Inc. Mr. Traer was charged $2.25 in sales tax on top of the $21.97 for a grand total of $24.22.   Mr. Traer should have been charged no more than $1.61 in sales tax (9%) for a grand total of $19.58.  Mr. Traer was thus overcharged approximately $4.64 plus or minus one cent. A true and correct copy of the receipt Mr. Traer received from

Domino's Pizza from his in-store purchase made the terms of the $5.99 MIX & MATCH DEAL dated March 20, 2021 is attached as "Exhibit C."

47.     Before the application of the $5.99 Mix & Match Deal discount, the items were listed as $8.99 for the Sweet BBQ Bacon chicken, $14.99 for the Chicken bacon pizza and $13.99 for the Mushroom and Olive pizza.  Defendant JP Pizza, Inc. applied a combined one-line $16.00 discount under its $5.99 Mix & Match Deal to the total for all three items – rather than individually reducing each item to $5.99. The actual discount that should have been applied to these items at the JP Pizza, Inc. location should have been $20.00 not the one-line $16.00 discount given to comply with the $5.99 Mix & Match Deal.

 48.     Neither Defendant DNAF nor Defendant JP Pizza, Inc. provided a disclaimer of any kind for extra charges or extra costs applicable to any of the items purchased under the $5.99 Mix & Match Deal, because Mr. Traer did not buy any Handmade Pan Pizza, Bread Bowls, Pasta and Bone-in Wings.

49.     Mr. Traer has never made purchases from of any Domino's products online nor has Mr. Traer ever used any Domino's application to place an order of Domino's.

50.     Defendant JP Pizza, Inc. and Defendant DPF have specific knowledge that Mr. Traer was overcharged according to the March 20, 2021 transaction along with all other similar situated persons, because as a result of being overcharged Defendant DPF receives 5.5% in weekly Royalty Sales from all California Franchises including from JP Pizza, Inc.

51.     Mr. Traer purchased the 2 topping medium pizzas and Sweet BBQ Bacon Chicken products as a result of the advertising that he saw on television under the MIX & MATCH DEAL that read  "CHOOSE ANY 2 OR MORE $5[99] each" associated with the food items shown in the advertisement financed and run by DNAF and offered at all California Franchises, including JP Pizza, Inc.  These advertisings

1  identified by Mr. Traer along with all products sold in connection with the advertising

2  implemented by DPF for all California Franchisees including JP Pizza, Inc. that contain

3  the advertising display "MIX & MATCH DEAL" "CHOOSE ANY 2 OR MORE $5$^{99}$

4  each" are hereinafter referred to as the "Mix & Match Deal."

5      52.    DNAF controls and places advertising through several media formats,

6  which all California Franchisees including JP Pizza, Inc. authorize and approve. The

7  coverage is both nationally and at the local level for national campaigns like the $5.99

8  Mix & Match Deal applicable to all California Franchisees.

9      53.    JP Pizza, Inc. shares 5.5% of its weekly Royalty Sales with DPF i.e.

10  profits from the sales of products and beverages and keeps detailed records of all sales,

11  including the amounts charged under the $5.99 Mix & Match Deal for the benefit of

12  itself and DPF in order to reconcile amounts owed under the profit sharing provisions

13  of the Store Franchise Agreements herein referenced above.

14  54.    Mr. Traer enjoyed the Products and would purchase the Products again in the

15  future if Defendants, JP Pizza, Inc., DPF, and DNAF's actual price of Products

16  conformed to its representations, warranties, and statements.

17                          **CLASS ALLEGATIONS**

18      55.    Plaintiff Traer seeks to represent the class as follows:

19      **CALIFORNIA CLASS:** "All persons in California who purchased the

20  Products advertised under DPF and DNAF's $5.99 Mix & Match Deal from California

21  Franchisees including JP Pizza, Inc. at any time from November 24, 2017 to the

22  present date." (the "Class") Excluded from the Class are JP Pizza, Inc., DPF, and

23  DNAF, and their affiliates, employees, officers and directors, persons or entities that

24  purchased the Products for resale, the Judge(s) assigned to this case and consumers in

25  California subject to arbitration.

26      56.    Plaintiff Traer seeks to certify the Class pursuant to FRCP

27  23(b)(3).

28

57.    There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class include, but are not limited to the following:

a.    Whether the $5.99 Mix & Match Deal advertisement constitutes false or misleading;

b.    Whether DNAF served as an agent of DPF and both DNAF and DPF served as agents of JP Pizza, Inc.

c.    Whether DPF and DNAF conspired to obtain illegal profits through California Franchisees and whether these profits should be returned to the California consumers;

d.    Whether JP Pizza, Inc., DPF, and DNAF violated the CLRA;

e.    Whether Defendants DPF, DNAF, and JP Pizza, Inc. misrepresented material facts to California consumers concerning the $5.99 Mix & Match Deal;

f.    Whether Defendants DPF, DNAF, and/or JP Pizza, Inc.'s, conduct was false and misleading;

g.    Whether Plaintiff and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

58.    Plaintiff's claims are typical of the Class, because a) DNAF and DPF controlled all advertising and advertised to Plaintiff and the Class that the Products would cost $5.99 b) Plaintiff and the Class purchased the Products under DNAF's $5.99 Mix & Match Deal representations c) the DPF and DNAF's California Franchisees charged more than the allotted $5.99 with the permission and knowledge of DNAF and DPF  d) DNAF and DPF mandated pursuant to the Franchise Agreements that every California Franchisee send them  5.5% of every California Franchisees' Weekly Royalty Sales  that included the amounts Class Members, including Plaintiff were overcharged e) the California Franchisees including JP Pizza overcharged Plaintiff and the Class and sent DNAF and DPF a portion of the overcharges collected and f)   Plaintiff and the Class sustained damages from the wrongful conduct

Defendants DNAF and DPF's and its California Franchisees, including Defendant JP Pizza, Inc.

59.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions.

60.     Plaintiff has no interests which conflict with those of the Class.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62.     The prerequisites to maintaining a class action for equitable relief are met as Defendant DNAF has acted or refused to act on grounds generally applicable to the JP Pizza Class and DPF and DNAF California Class, thereby making appropriate equitable relief with respect to the Class as a whole.

63.     The prosecution of separate actions by the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.

64.     Individual actions could be dispositive of the interests of the Class even where certain class members are not parties to such actions.

## COUNT I
**Violation Of California's Consumers Legal Remedies Act ("CLRA")**
California Civil Code §§ 1750, *et seq.*
(***Against JP Pizza, Inc***., *For Damages*)

65.     Plaintiff Traer hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff Ronald Traer brings this claim individually and on behalf of the members of the proposed Class against Defendant JP Pizza, Inc. ("JP Pizza")

67.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

//

//

68. Plaintiff Ronald Traer and the Class are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

69. Plaintiff Traer, the other members of the Class have engaged in "transactions" with California Franchisees such JP Pizza as that term is defined by California Civil Code § 1761(e). The transaction in question occurred on March 20, 2021.

70. The conduct alleged in this Fourth Amended Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by California Franchisees such as JP Pizza, Inc. through transactions intended to result in, and which did result in, the sale of goods to consumers.

71. As alleged more fully above, California Franchisees including Defendant JP Pizza, Inc. through its agents DPF and DNAF violated the CLRA by falsely advertising and representing to Plaintiff Traer and the other members of Class that the Products would be sold at $5.99 per item pursuant to the $5.99 Mix & Match Deal when in fact California Franchisees such as Defendant JP Pizza, Inc. charged a higher price than the advertised price $5.99 per Product. In other words, California Franchisees such as JP Pizza sell Products for prices that do not conform to their representations, warranties, and statements under the terms of the $5.99 Mix & Match Deal as advertised by and through DPF and DNAF.

72. As a result of engaging in such conduct, Defendant JP Pizza has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

73. On or about April 19, 2021, (original notice to JP Pizza, Inc.) June 4, 2021 (Amended Notice to JP Pizza, Inc.) and July 15, 2021(notice to DPF and DNAF), Plaintiff Traer mailed notice letters to Defendant JP Pizza, Inc., and its agents DPF, and DNAF consistent with California Civil Code § 1782(a), and Defendants JP Pizza, Inc.

1  responded to the letter. The letters were sent on behalf of Traer and all other persons
2  similarly situated.

3      74.     Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff
4  Ronald Traer, on behalf of himself and all other members of the Class seek injunctive
5  relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains
6  due to Defendant JP Pizza acts and practices.

7                          **COUNT II**
8      **Violation Of California's Consumers Legal Remedies Act ("CLRA")**
9                   California Civil Code §§ 1750, *et seq.*
10                   *(Against DNAF and DPF, For Damages)*

11      75.     Plaintiff Ronald Traer hereby incorporates by reference the allegations
12  contained in all preceding paragraphs of this complaint.

13      76.     Plaintiff Ronald Traer brings this claim individually and on behalf of the
14  Class against Defendants DPF and DNAF.

15      77.     This cause of action is brought pursuant to California's Consumers Legal
16  Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

17      78.     Plaintiff Ronald Traer and the other members of the Class are
18  "consumers," as the term is defined by California Civil Code § 1761(d), because they
19  bought the Products for personal, family, or household purposes.

20      79.     Plaintiff Traer, the other members of the Class, and Defendant DPF and
21  DNAF have engaged with California Franchisees including JP Pizza in thousands and
22  thousands of "transactions" as that term is defined by California Civil Code § 1761(e).
23  One of the many thousands and thousands of transactions in question conducted
24  through California Franchisees with Plaintiff and the Class in California, occurred on
25  March 20, 2021 with JP Pizza and Plaintiff. In these thousands and thousands of
26  transactions, a portion of the ill-gotten gains were distributed to DNAF and DPF.  All
27  California Franchisees including JP Pizza agreed to collect money from the

28

overcharging based on DNAF's $5.99 Mix & Match Deal, which was paid to DPF through the 5.5% Weekly Royalty Sales.

80.     The conduct alleged in this Fourth Amended Complaint constitutes unfair misleading and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant DPF and DNAF in transactions intended to result in, and which did result in, the sale of goods to consumers.  Anyone can be liable under the CLRA for their deceptive practices in making or carrying out agreements that are intended or result in an eventual sale even if the plaintiff does not directly deal with the defendant.  Plaintiff alleges that while it did not deal directly with DPF and DNAF, the $5.99 Mix & Match Deal[3] Advertisement was used to make the agreement between Plaintiff and DPF's California Franchisees, and a portion of Plaintiff's money from the overcharge related to the transaction was paid to DPF through the 5.5% Weekly Royalty Sales.

81.     DPF and DNAF represented to Plaintiff and the Class that the representations made under the $5.99 Mix & Match Deal were true. DPF and DNAF provided Plaintiff and the Class with false or misleading material information about the Products which were sold to Plaintiff and the Class for more than the advertised price of $5.99 per Product through the California Franchisees, with DPF receiving a distribution of the illegal profits from Plaintiff and the Class through the payment of Royalty Sales at 5.5%. DPF and DNAF made misrepresentations to Plaintiff and the Class knowing the representations were false at the time they were made or recklessly made the representation without regard for its truth.

82.     The acts and practices alleged herein are unlawful and fraudulent, because they both deceive consumers and cause consumers to falsely believe that Defendants DPF and DNAF, through the California Franchisees including JP Pizza on whose behalf they advertise, are offering value, discounts or bargains at the prevailing

---

[3] The advertisement has been altered now to reflect $6.99 Mix & Match Deal.

market value or worth of the Products sold that do not, in fact, exist. As a result, the Class, including Plaintiff Ronald Traer, have reasonably perceived that they are receiving price reductions on purchases of Products from California Franchisees including JP Pizza, but instead are being overcharged.

83. After overcharging consumers, each and every California Franchisee pursuant to a franchise agreement distribute to Defendant DPF a portion of the profits received by all of the California Franchisees, which includes a portion from the ill-gotten gains based on the overcharges through Royalty Sales.

84. This perception that they are receiving price reductions on purchases of Products from California Franchisees including JP Pizza, has induced reasonable consumers, including Plaintiff, to buy such Products from California Franchisees and to refrain from shopping for the same or similar products from competitors of Defendants DPF and DNAF such as Pizza Hut, Round Table Pizza and/or Papa John's.

85. Plaintiff and the Class have been subjected to DPF and DNAF's advertising causing them to make purchases of Products within the class period. Plaintiff and the Class purchased Products from California Franchisees and lost money to Defendant DPF from the purchase of these Products, as a result of Defendants DPF and DNAF's false advertising because the $5.99 Mix & Match Deal is not accurately represented to consumers. As detailed herein, the alleged conduct is unlawful and fraudulent by advertising the Products for sale based on purported discounts and savings that do not exist.

86. Through its unfair, fraudulent and unlawful acts and practices, Defendants DPF and DNAF have improperly obtained money from Plaintiff and the Class and continue to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause Defendant DPF to restore this money to Plaintiff and the Class.

//

87. Plaintiff and the Class have been harmed from DPF and DNAF whose conduct served as a substantial factor in causing Plaintiff and the Class harm. DPF and DNAF have reaped profits of 5.5% from the overcharges to Plaintiff from the March 20, 2021 purchase under the Mix & Match Deal and from the Class for all purchases made through California Franchisees by which DPF and DNAF received a 5.5% Royalty Sale from overcharging. DPF and DNAF's fraudulent actions harmed Plaintiff and the Class.

88. As alleged more fully above, Defendant DPF and DNAF violated the CLRA by falsely advertising and representing to Plaintiff Traer and the Class that the Products would be sold at $5.99 per item pursuant to the $5.99 Mix & Match Deal when in fact the California Franchisees, including J.P. Pizza charged a higher price than the advertised price $5.99 per Product. In other words, Defendants DNAF and DPF control the content of the Advertisement, and their direct role in the scheme, given the Advertisement is a crucial part of the alleged deceptive practice upon which Plaintiff's CLRA claim is based. DNAF and DPF promise a specific price of $5.99 in an Advertisement that is intended to encourage a sale with California Franchisees that will not be honored by their California Franchisees like JP Pizza. Defendants DNAF and DPF do not unambiguously convey that the advertised price is not uniformly available at all Domino's locations. California law imposes liability on DPF and DNAF for participating in the scheme that results in the dissemination of misleading and deceptive advertising even if their role in the alleged tortious acts committed by California Franchisees may not give rise to liability independently.

89. As a part of the conspiracy, defendants DNAF and DPF control all advertising and sells Products for prices through their California Franchisees, including JP Pizza that do not conform to DNAF and DPF representations, warranties, and statements under the terms of the $5.99 Mix & Match Deal as advertised by and through DPF and DNAF.

90.     DPF and DNAF misrepresents that the Products would be sold at the advertised price of $5.99 per Product under the terms of the $5.99 Mix & Match Deal and receive a distribution in the form of a direct royalty of 5.5% from California Franchisees, including JP Pizza from each sale of the Products made by the Class, including Plaintiff Ronald Traer, for a higher price than the advertised $5.99 price per Product, with portions of the profits from the overcharging per the agreement of DPF and the California Franchisees.

91.     Plaintiff Ronald Traer and the Class lost money or property as a result of Defendants DPF and DNAF's false advertising and receipt of illegal profits derived through California Franchisees. But for DPF and DNAF's deceptive advertising and split disclaimers (a) the Class would not have purchased the Products on the same terms if they knew the California Franchisees, including JP Pizza would not conform to DNAF and DPF's advertising representations, (b) they paid more than the advertised price based on Defendants DPF and DNAF's misrepresentations as stated in the $5.99 Mix & Match Deal advertising, and (c) DPF obtained illegal profits through California Franchisees as a result of the false and misleading $5.99 Mix & Match Deal advertising. DPF is not entitled to retain the illegal profits from the many thousands and thousands of transactions with California consumers where DPF and DNAF's California Franchisees overcharged consumers and provided the ill-gotten gains to DNAF and DPF.

92.     At all times, DPF and DNAF were aware California Franchisees including JP Pizza, Inc. overcharged California consumers and then they actually received a portion of the overcharges from California Franchisees, including JP Pizza and retained those monies to the detriment of Plaintiff and the Class.

93.     As a result of engaging in such conduct, Defendants DNAF and DPF have violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

94. On or about April 19, 2021, (original notice to JP Pizza, Inc.) June 4, 2021 (Amended Notice to JP Pizza, Inc.) and July 15, 2021(notice to DPF and DNAF), Plaintiff Traer mailed notice letters to Defendant JP Pizza, Inc., and its agents DPF, and DNAF consistent with California Civil Code § 1782(a), and Defendants DNAF and DPF responded to the letter. The letters were sent on behalf of Traer and all other persons similarly situated.

95. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Ronald Traer, on behalf of himself and all other members of the Class seek statutory and compensatory damages, and restitution of any ill-gotten gains received by DNAF and DPF through the 5.5% Weekly Royalty Sales distributed from California Franchisees, including J.P. Pizza in accordance with the Franchise Agreement.

## COUNT III
### Fraud
*(Against DPF and DNAF, For Damages.)*

96. Plaintiff Ronald Traer hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

97. Plaintiff Ronald Traer brings this claim individually and on behalf of the proposed Class against Defendants DPF and DNAF.

98. As discussed above, DPF and DNAF provided Plaintiff and the Class with false or misleading material information about the Products which were sold to Plaintiff and the Class for more than the advertised price of more than $5.99 per Product through the California Franchisees, with a portion of the illegal profits being distributed to DPF. DPF and DNAF made misrepresentations to Plaintiff and the Class knowing the representations were false.

99. Plaintiff Ronald Traer and the Class reasonably and justifiably relied on the misleading advertising, while DPF and DNAF intended to induce and actually induced Plaintiffs and the Class to purchase the Products from California Franchisees like JP Pizza based on the misleading advertising contained in the $5.99 Mix & Match

Deal. DPF and DNAF's misleading advertising caused and continues to cause Plaintiff and California Class to purchase the Products and to be charged more than $5.99 per item under the $5.99 Mix & Match Deal.

100. California Franchisees charged Plaintiff and the California Class more than the advertised $5.99 price per Product and the illegal profits derived from California Franchisees have been distributed to DPF and DNAF through the 5.5% weekly Royalty Sales.

101. California Franchisees, including Defendant JP Pizza's fraudulent actions harmed Plaintiff and the Class who are entitled to damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as the class representative for the Class; and naming Plaintiff's attorneys as Class Counsel representing the Class;

B.    For an order finding in favor of Plaintiff on all counts asserted herein against Defendants;

C.    For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D.    For prejudgment interest on all amounts awarded;

E.    For an order awarding Plaintiff his reasonable attorneys' fees and expenses and costs of suit.

//

//

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: July 17, 2023                      Respectfully submitted,

**RIGHETTI GLUGOSKI, P.C.**

By: */s/ John Glugoski*
    John Glugoski
    jglugoski@righettilaw.com

**NATHAN & ASSOCIATES, APC**

By: */s/ Reuben D. Nathan*
    Reuben D. Nathan
    rnathan@nathanlawpractice.com

*Attorneys for Plaintiff RONALD TRAER*