| | |
|---|---|
| 1 | **UMHOFER, MITCHELL & KING LLP** |
| 2 | Matthew Donald Umhofer (#206607)<br>matthew@umklaw.com |
| 3 | Elizabeth A. Mitchell (#251139)<br>elizabeth@umklaw.com |
| 4 | 767 S. Alameda St., Suite 270<br>Los Angeles, CA 90021 |
| 5 | Telephone: (213) 394-7979 |
| 6 | **WILLIAMS & CONNOLLY LLP**<br>Edward C. Barnidge (*pro hac vice*) |
| 7 | ebarnidge@wc.com<br>Matthew W. Lachman (*pro hac vice*) |
| 8 | mlachman@wc.com<br>680 Maine Avenue SW |
| 9 | Washington, DC 20024<br>Telephone: (202) 434-5000 |
| 10 | *Attorneys for Domino's Pizza Franchising* |
| 11 | *LLC and Domino's National Advertising Fund, Inc.* |

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD D. TRAER, on behalf of himself and all similarly situated persons, | Civil Action No. 2:21-CV-06187 MWF(SKx) |
| Plaintiff, | **DOMINO'S PIZZA FRANCHISING LLC AND DOMINO'S NATIONAL ADVERTISING FUND, INC.'S ANSWER TO FOURTH AMENDED COMPLAINT** |
| v. | |
| DOMINO'S PIZZA FRANCHISING LLC; DOMINO'S NATIONAL ADVERTISING FUND, INC.; JP PIZZA, INC., | **JURY DEMAND** |
| Defendants. | |

Defendants Domino's Pizza Franchising LLC ("DPF") and Domino's National Advertising Fund, Inc. ("DNAF") (collectively, "Domino's"), by undersigned counsel, answers Plaintiff's Fourth Amended Complaint ("Complaint") as required by the Court's Order dated June 29, 2023. ECF 119.

## DOMINO'S ANSWER

Responding to the numbered paragraphs included in the Complaint, Domino's admits, denies, or otherwise responds to the allegations set forth below. All allegations are denied unless expressly admitted, and an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

## JP PIZZA, INC.[1]

1. Domino's admits that JP Pizza entered into a contractual franchise agreement with DPF to operate a store at the address listed. All other allegations not specifically admitted are denied.

2. Domino's admits that California franchisees agree to participate in an advertising fund and generally pay a 4% weekly sales royalty to that fund. Domino's denies that DNAF exclusively controls and manages all advertising on behalf of California franchisees. Domino's admits that the image following paragraph 2 appears to be an excerpt from a franchise agreement with DPF, but denies any characterizations of that agreement. All other allegations not specifically admitted are denied.

3. Domino's admits that California franchisees pay DPF a weekly sales royalty based on the sale of products and beverages, which is generally 5.5%. Domino's admits that the image following paragraph 3 appears to be an excerpt from DPF's franchise disclosure document, but denies any characterizations of that document. All other allegations not specifically admitted are denied.

---

[1] Domino's has preserved the headings in the Complaint for convenience only.

## DOMINO'S PIZZA FRANCHISING, LLC AND DOMINO'S NATIONAL ADVERTISING FUND, INC.

4. Domino's admits that DPI is the ultimate parent of Defendants DPF and DNAF. Domino's further admits that subsidiaries of DPI own corporate stores and act as franchisor to franchisee-owned stores. All other allegations not specifically admitted are denied.

5. Domino's admits that would-be franchises must execute a franchise agreement, that DPF is the franchising entity for DPI, and that the franchise disclosure document states that franchisees are bound by a franchise agreement. Domino's further admits that Exhibit A appears to be a franchise disclosure document. All other allegations not specifically admitted are denied.

6. Domino's admits that DPF enters into a franchise agreement with all of its California franchisees and that such franchisees sell products under the trade name Domino's. All other allegations not specifically admitted are denied.

7. Domino's admits that DPF collects weekly royalties on sales by franchisees in accordance with the terms of a franchise agreement and that there is a weekly reporting mechanism allowing for payment via electronic fund transfers. All other allegations not specifically admitted are denied.

8. Domino's admits that this paragraph appears to contain an excerpt from a franchise disclosure document, but denies any characterization of that document. All other allegations not specifically admitted are denied.

9. Domino's denies the second sentence of paragraph 9 of the Complaint. Domino's admits that franchisees are generally required to contribute to an advertising fund pursuant to the franchise agreement. All other allegations not specifically admitted are denied.

10. Domino's admits that it conducted certain advertising relating to the $5.99 Mix & Match Deal. All other allegations not specifically admitted are denied.

11. Domino's admits the first sentence of paragraph 11. All other allegations not specifically admitted are denied.

12. Domino's admits that it conducted certain advertising relating to the $5.99 Mix & Match deal. All other allegations not specifically admitted are denied.

13. Denied.

14. Denied.

15. Denied.

16. Domino's admits that the franchise agreement includes provisions generally requiring franchisees to pay certain sales royalties to DPF and to contribute to an advertising fund. All other allegations not specifically admitted are denied.

17. Denied.

18. Denied.

19. Denied.

20. Paragraph 20 references a third-party website with a broken hyperlink. As such, Domino's lacks a sufficient basis to admit or deny such allegations and accordingly denies the allegations in paragraph 20.

21. Domino's admits that records of purchases are made at the time of transaction and that DPF receives royalties on a California franchisee's sales in accordance with the relevant franchise agreement. All other allegations not specifically admitted are denied.

**THE ADVERTISEMENT**

22. Domino's admits that it has conducted certain advertising related to the $5.99 Mix & Match Deal through various media that depicted a variety of products. Domino's lacks sufficient information to respond as to the incomplete image following paragraph 22. All other allegations not specifically admitted are denied.

23. Domino's admits that for a period of time, some advertisements for the $5.99 Mix & Match deal contained disclaimer language in two positions, but otherwise denies the allegations in paragraph 23.

24. Domino's admits that the allegations in the first sentence of paragraph 24 are true for at least some advertisements. All other allegations not specifically admitted are denied.

25. Domino's admits that the allegations in paragraph 25 are true for at least some advertisements. All other allegations not specifically admitted are denied.

26. Domino's admits that for a period of time, some advertisements for the $5.99 Mix & Match deal contained disclaimer language in two positions, but otherwise denies the allegations in paragraph 26.

27. Denied.

28. The allegations in paragraph 28 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 28.

29. Denied.

## VICARIOUS LIABILITY

30. Domino's admits that it has conducted certain advertising related to the $5.99 Mix & Match Deal through various media. The remaining allegations in paragraph 30 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the remaining allegations in paragraph 30.

31. The allegations in paragraph 31 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 31.

32. The allegations in paragraph 32 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 32.

33. The allegations in paragraph 33 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 33.

## JURISDICTION AND VENUE

34. The allegations in paragraph 34 of the Complaint set forth legal conclusions to which no answer is required.

35. The allegations in paragraph 35 of the Complaint set forth legal conclusions to which no answer is required.

36. The allegations in paragraph 36 of the Complaint set forth legal conclusions to which no answer is required.

## PARTIES

37. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and on that basis denies them.

38. Admitted.

39. Domino's admits that DNAF's principal place of business is at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan. All other allegations not specifically admitted are denied.

40. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and on that basis denies them.

41. Domino's admits that JP Pizza, Inc. owns a Domino's franchise that is authorized to operate at the stated address.

42. Domino's admits that JP Pizza, Inc. owns and operates a Domino's franchise. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and on that basis denies them.

43. Domino's admits that all California franchisees enter a franchise agreement in which they generally agree to contribute to an advertising fund, and agree that Domino's may conduct advertising and promotional programs with those funds. All other allegations not specifically admitted are denied.

44. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and on that basis denies them.

45. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and on that basis denies them.

46. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and on that basis denies them.

47. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis denies them.

48. Denied.

49. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and on that basis denies them.

50. Denied.

51. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and on that basis denies them.

52. Domino's admits that it conducts advertising through several media formats in different areas around the United States, which has included advertising for the Mix & Match deal. All other allegations not specifically admitted are denied.

53. Domino's admits that records of purchases are made at the time of the transaction and that DPF receives royalties on a California franchisee's sales in accordance with the relevant franchise agreement. All other allegations not specifically admitted are denied.

54. Domino's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and on that basis denies them.

## CLASS ALLEGATIONS

55. Domino's admits that Mr. Traer purports to seek representation of the listed class. Domino's otherwise denies the allegations in paragraph 55.

56. Domino's admits that Mr. Traer purports to seek representation of the listed class. Domino's otherwise denies the allegations in paragraph 56.

57. The allegations in paragraph 57 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 57.

58. The allegations in paragraph 58 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 58.

59. The allegations in paragraph 59 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 59.

60. The allegations in paragraph 60 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 60.

61. The allegations in paragraph 61 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 61.

62. The allegations in paragraph 62 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 62.

63. The allegations in paragraph 63 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 63.

64. The allegations in paragraph 64 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 64.

## COUNT I: VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

65. The allegations in paragraph 65 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 65.

66. The allegations in paragraph 66 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 66.

67. The allegations in paragraph 67 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 67.

68. The allegations in paragraph 68 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 68.

69. The allegations in paragraph 69 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 69.

70. The allegations in paragraph 70 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 70.

71. The allegations in paragraph 71 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 71.

72. The allegations in paragraph 72 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 72.

73. Domino's admits it received a letter from counsel for Mr. Traer on July 19, 2021. All other allegations not specifically admitted are denied.

74. The allegations in paragraph 74 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 74.

## COUNT II: VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

75. Domino's hereby incorporates each preceding paragraph as though fully stated herein.

76. The allegations in paragraph 76 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 76.

77. The allegations in paragraph 77 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 77.

78. The allegations in paragraph 78 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 78.

79. The allegations in paragraph 79 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 79.

80. Domino's admits that certain advertisements for the Mix & Match deal presently advertise a $6.99 Mix & Match deal. The remaining allegations in paragraph 80 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 80.

81. The allegations in paragraph 81 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 81.

82. The allegations in paragraph 82 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 82.

83. The allegations in paragraph 83 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 83.

84. The allegations in paragraph 84 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 84.

85. The allegations in paragraph 85 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 85.

86. The allegations in paragraph 86 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 86.

87. The allegations in paragraph 87 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 87.

88. The allegations in paragraph 88 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 88.

89. The allegations in paragraph 89 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 89.

90. The allegations in paragraph 90 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 90.

91. The allegations in paragraph 91 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 91.

92. The allegations in paragraph 92 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 92.

93. The allegations in paragraph 93 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 93.

94. Domino's admits it received a letter from counsel for Mr. Traer on July 19, 2021. All other allegations not specifically admitted are denied.

95. The allegations in paragraph 95 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 95.

### COUNT III: FRAUD

96. Domino's hereby incorporates each preceding paragraph as though fully stated herein.

97. Domino's admits that Mr. Traer purports to bring the claim on behalf of the purported class. Domino's otherwise denies the allegations in paragraph 97.

98. The allegations in paragraph 98 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 98.

99. The allegations in paragraph 99 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 99.

100. The allegations in paragraph 100 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 100.

101. The allegations in paragraph 101 of the Complaint set forth legal conclusions to which no answer is required. To the extent an answer is required, Domino's denies the allegations in paragraph 101.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Domino's denies that it is liable to Plaintiff and/or members of the putative class on any Counts, denies that Plaintiff and/or members of the putative class are entitled to any of the relief sought, and denies that Plaintiff and/or members of the putative class are entitled to any relief whatsoever. Domino's prays that the Court enter judgment in its favor, award it its cost of this suit and attorneys' fees, under any applicable statute and under any applicable law, and further award it such other and further relief to which it may be entitled.

## RESPONSE TO PLAINTIFFS' JURY DEMAND

Domino's admits that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

Domino's asserts the following defenses to the Complaint. Further, Domino's reserves all defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may be available based on discovery and further factual investigation in the case. Domino's undertakes the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Domino's reserves the right to assert any and all defenses on which it does not bear the burden of proof.

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Plaintiff and the putative class members have not sustained any injury, economic harm, or damage as a result of any actions allegedly taken by Domino's, and are thus barred from asserting any claims against Domino's.

### Third Defense

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, because Plaintiff and/or the putative class members failed to make reasonable efforts to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

### Fourth Defense

To the extent the Complaint could be read as seeking damages for each of the stated Causes of Action, such damages would be duplicative and any such double recovery on behalf of Plaintiff and/or the putative class members is barred.

### Fifth Defense

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, because their alleged damages are not attributable to Domino's conduct, but instead are the result of Plaintiff's own conduct and/or the conduct of putative class members.

### Sixth Defense

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the statute of limitations or repose, and/or by the doctrines of laches or waiver based on Plaintiff's and/or putative class members' failure to bring their claims within a reasonable time after their discovery, thereby prejudicing Domino's.

### Seventh Defense

Plaintiff's claims and/or the claims of putative class members must be adjudicated on an individual basis in arbitration to the extent they are subject to an arbitration agreement.

### Eighth Defense

Plaintiff's claims and/or the claims of putative class members cannot be brought as a class action to the extent they are subject to a class-action waiver.

### Ninth Defense

Some or all of Plaintiff's claims and/or the claims of putative class members against Domino's are barred, in whole or in part, on the basis that Plaintiff and/or the putative class members would be unjustly enriched if they were allowed to recover against Domino's.

### Tenth Defense

The claims of Plaintiff and/or members of the putative class are barred by the voluntary payment doctrine.

### Eleventh Defense

By reason of the actions and/or omissions of Plaintiff and/or members of the putative class, they are estopped and/or have waived any right to recover damages from Domino's.

### Twelfth Defense

Domino's incorporates by reference any defenses applicable to it that are asserted by any other defendant to the Complaint as if set forth fully herein.

### PRAYER FOR RELIEF

WHEREFORE, Domino's prays for the following relief:

A. That judgment on the Complaint, and on each cause of action against Domino's, be entered in favor of Domino's;

B. That this Court find that this suit cannot be maintained as a class action;

  C. That Plaintiff and the members of the putative class take nothing by Plaintiff's Complaint;

  D. That Domino's be awarded its costs incurred, including reasonable attorney's fees; and

  E. For such other and/or further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Domino's Pizza Franchising LLC and Domino's National Advertising Fund, Inc. hereby demand a jury trial on all issues so triable.

Dated: August 7, 2023

By: */s/ Matthew Donald Umhofer*

**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (#206607)
matthew@umklaw.com
Elizabeth A. Mitchell (#251139)
elizabeth@umklaw.com
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

**WILLIAMS & CONNOLLY LLP**
Edward C. Barnidge (*pro hac vice*)
Matthew W. Lachman (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
E-mail: ebarnidge@wc.com
E-mail: mlachman@wc.com

*Attorneys for Domino's Pizza Franchising LLC and Domino's National Advertising Fund, Inc.*